**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carolyn Morrison,<br><br>        Plaintiff,<br><br>vs.<br><br>Mattamy Arizona, LLC, et al.<br><br>        Defendants. | No. CV-12-02295-PHX-PGR<br><br><u>ORDER</u> |

      In an order (Doc. 39) entered on January 25, 2013, the Court permitted the plaintiff's counsel to withdraw from this action, stayed this action in its entirety until April 1, 2013, and gave the plaintiff until that date to secure new counsel. That order also required the plaintiff to file a status report by April 19, 2013 "that sets forth how her pending bankruptcy action impacts the status of her claims filed in this action, including whether any of ... her claims raised in this action are assets of her bankruptcy estate to which her bankruptcy trustee has sole standing to litigate."

      On April 1, 2013, the plaintiff, acting as her own attorney, filed a document (Doc. 41), dated March 29, 2013, entitled "Regarding Deadline for Identifying Plantiff's [sic] Legal Representation, which the Court construes as a motion requesting an extension of time to find new counsel. The plaintiff, who now resides

in Florida, states in her motion that she intends to finalize and retain counsel by April 15, 2013 to continue the prosecution of this action and she requests additional time to do so; she also requests additional time to prepare her status report regarding the bankruptcy issue.[1]

The defendants oppose the portion of the plaintiff's motion seeking additional time to secure new counsel on the ground that the plaintiff's failure to follow the Court's January 15th order "is just another example of her pattern of obfuscation and delay[,]" in that she has already been given sufficient time to obtain new counsel and any additional extension of time to do so would only cause a further delay in this action. The defendants argue that the plaintiff should be now be required to prosecute this matter *pro se* since she has not timely obtained new counsel. The

---

[1] The plaintiff's motion was accompanied by a letter to the Court, but the Court does not know if the plaintiff provided a copy of that letter to the defendants' counsel. The letter states in pertinent part:

> I had hoped to retain counsel by April 1, 2013 but with Michelle Matheson withdrawing from my case, it has caused an incredible burden. In addition, my family has encountered tragic news with [a family member's] sudden illness, surgery and cancer diagnosis.
>
> I am in the middle of reviewing two retention agreements with local attorneys but with the information surrounding this case, it has taken quite some time and several interviews to determine the best representation going forward.
>
> Not being an attorney, this process can be very overwhelming so I respectfully request that the court accept my response that was due April 1, 2013, and grant me the additional time to identify my legal counsel and prepare for the Status Hearing.

The plaintiff is advised that a copy of anything she sends to the Court must also be sent to the defendants' counsel unless it involves a matter which she is legally entitled to file *ex parte*.

Court is unpersuaded that granting the plaintiff a short extension of time to obtain counsel will in any way significantly prejudice the defendants. The Court considers it to be in the best interest of all concerned to have the plaintiff represented by counsel in this action if that is possible and will grant the plaintiff an extension of time to obtain that representation.

The defendants additionally argue that the plaintiff should be required to file her status report by April 19, 2013 as previously ordered because they "should not be forced to continue waiting while Plaintiff is given additional time to address an issue she has had knowledge of since this litigation was commenced." The Court ordered the status report[2] due to issues related to the plaintiff's standing to bring this action in light of her pending bankruptcy action, which her previous counsel first revealed to the Court and the defendants during a telephonic discovery dispute hearing held on December 10, 2012. The defendants contend in their opposition to the plaintiff's motion, as they previously did in their opposition (Doc. 32) to an earlier extension request by the plaintiff related to a discovery-related matter, that the Court should dismiss this case based on the plaintiff's lack of standing and the Court's lack of subject matter jurisdiction based on their belief that only the plaintiff's bankruptcy trustee has standing to prosecution this action.

The Court is in no position at this time to dismiss this action on lack of standing grounds.[3]  First, the defendants have never filed an actual motion to

---

[2] The Court notes that it ordered the plaintiff to file a written status report by April 19, 2013 regarding the bankruptcy-related issues; there was never a "status hearing" set for that date as the plaintiff appears to believe.

[3] Notwithstanding to the defendants' apparent belief to the contrary, the Court has not made any ruling that the plaintiff lacks standing to bring this action. During the hearing on December 10, 2012 when the plaintiff's pending bankruptcy

dismiss so there is nothing for the Court to resolve now. Secondly, there has not been any significant briefing of the standing issue and what few standing-related arguments the defendants have made to date in various memoranda are simply inadequate. The issue of whether the plaintiff has standing to prosecute this action depends on certain key issues that have not been briefed. One such issue is whether all of the claims raised by the plaintiff in this action, including those that did not arise until after she filed for Chapter 13 bankruptcy, are part of her bankruptcy estate. *See e.g.*, Dorado v. Shea Homes Limited P'ship, 2011 WL 3875626, at *3 (E.D.Cal. Aug. 31, 2011) ("A bankruptcy estate consists of 'all legal or equitable interests of the debtor in property as of the commencement of the case.' 11 U.S.C. § 541(a)(1). In a Chapter 13 case, the estate also includes property acquired by the debtor after the commencement of the case. 11 U.S.C. § 1306(a)(1). The property of the estate includes causes of action that arise after the commencement of the case and until the case is closed, dismissed or converted.") A second issue is whether the plaintiff has standing to prosecute this action regardless of the appointment of a trustee because she is in Chapter 13 bankruptcy and not Chapter 7. S*ee e.g.*, Smith v. Rockett, 522 F.3d 1080, 1081 (10th Cir.2008) ("Because of these differences between Chapter 7 and Chapter 13 bankruptcies, the [five] circuit courts to consider this issue have all concluded that Chapter 13 debtors have

---

was first revealed, the Court, after being told by the plaintiff's former counsel that a bankruptcy trustee had been appointed, stated that "[t]hen only the trustee has standing to pursue this action." The Court wishes to make clear that this off-the-cuff remark, made without knowing anything about the timing of the bankruptcy filing or the type of bankruptcy involved, absolutely is not "the 'law of the case,' requiring dismissal of the case[,]" as the defendants have incredibly contended. (Doc. 32, at 5 n.1).

- 4 -

standing to bring claims in their own name on behalf of the bankruptcy estate."); *accord*, Whitworth v. National Enterprise Systems, Inc., 2009 WL 650357, at *3 (D.Or. March 6, 2009) (Although a Chapter 13 debtor has standing to sue in his own name, such standing is concurrent with that of the trustee in bankruptcy, and any such suit must necessarily be on behalf of the bankruptcy estate. *See* Fed.R.Bankr.P. 6009[.]  However, because Chapter 13 debtors are expressly authorized by statute to bring actions on behalf of estates, the estate itself need not be joined as a named party in such actions. *See* Fed.R.Civ.P. 17(a)(1)(G). Whitworth therefore may properly prosecute this action in his own name.")  A third issue is whether the plaintiff may prosecute this action if she failed to properly disclose her claims raised herein in her bankruptcy proceeding.  The Court will not consider dismissing this action on any standing-related ground until such time as a proper dispositive motion is filed and all of the appropriate issues are fully briefed.[4]

Because the immediate issue that needs to be resolved is the plaintiff's representation, the Court will grant the plaintiff an extension through May 6, 2013 in which to obtain new counsel and to have that counsel file a notice of appearance in this action.  If the plaintiff determines that she is going to represent herself in this action, she must file a notice to that effect with the Court by May 6, 2013.[5]  In light of the ongoing representation issue, the Court will vacate the previous requirement for filing a bankruptcy-related status report.  Once the representation issue is

---

[4] The Court notes that it has raised the above issues only as examples of the standing-related issues that need to be resolved. The citations included by the Court are not intended to be any type of ruling on the raised issues.

[5] The plaintiff is advised that this action may be dismissed for lack of prosecution if she fails to timely comply with this Order in any material respect.

resolved, the Court will then determine how to proceed with this action, which may include reinstating the status report requirement, holding a status conference, or setting this matter for a Fed.R.Civ.P. 16 scheduling conference.  Therefore,

IT IS ORDERED that the plaintiff's motion for an extension of time to obtain new counsel (Doc. 41) is granted to the extent that the plaintiff shall have an extension of time through **May 6, 2013** in which to obtain new counsel and to have that counsel file a notice of appearance in this action.  If the plaintiff determines that she will not obtain new counsel, she shall file a notice to that effect with the Court no later than **May 6**, **2013**.

IT IS FURTHER ORDERED that the previous requirement for filing a bankruptcy-related status report by the plaintiff is vacated.

IT IS FURTHER ORDERED that the stay of this action, as to all matters unrelated to the plaintiff's representation issue, shall continue through **May 6, 2013**.

DATED this 15th day of April, 2013.

Paul G. Rosenblatt
United States District Judge